JOHN W. HARKNESS, Appellant, v. A. J. CLEAVES and DELIA CLEAVES.

Cancellation of Deeds: WANT OF DELIVERY: *Ratification by grantor.* Evidence in an action by a grantor to cancel his deed, on the ground that it was delivered without hisauthority, is insuffic-ient to establsh plaintiff's claim, where the evidence shows that she ratified the transaction.

TENDER OF CONSIDERATION ESSENTIAL. A grantor who has not tendered back the consideration before commencing an action to cancel his deed, on the ground that it was delivered without his authority, is not entitled to relief.

*Appeal from Hancock District Court.*—HON. J. C. SHER-WIN, Judge.

FRIDAY, JANUARY 25, 1901.

ACTION to set aside a certain deed of conveyance exe-cuted by the plaintiff and wife to a hotel property in the town of Garner, Iowa, and to recover damages for the wrongful holding of the property by the defendants, upon the ground that said deed was not delivered by, nor with the authority of the plaintiff.    Defendants answered, denying that the deed was not delivered by authority of the plaintiff. Decree was rendered dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*C. R. Wood* and *E. H. Smalley* for appellant.

*William H. Hughes* for appellees.

GIVEN, C. J.—I.   The contentions are as to the facts only; .the law applicable is well settled, and not disputed. Plaintiff was desirious of selling hs equity in his hotel property in the own of Garner, Iowa, or exchanging it for land, and with the latter view he visited and examined certain lands in South Dakota.   The defendants were desirous of exchanging a property owned by them in Belmond, Iowa, for plaintiff's hotel, and with that view Mr. Cleaves visited the plaintiff, but they failed to agree upon terms of exchange.   Thereafter, May 3, 1898, the plaintiff and wife executed to one W. G. Clark, a real estate broker of Artesian, S. D., whom plaintiff had met on his visit to that state, authority in writing to sell the hotel property on terms named, and informed him of the desire of the defendants to exchange properties.   Clark called on the defendants, examined their property in Belmond, and agreed with them on terms of exchange, they to give a certain sum of money as difference.   May 19, 1898, Harkness and wife executed their deed to Delia Cleaves for the hotel property, and on May 20, 1898, the defendants executed their deed to the Belmond property to Mary Clark, who was the wife of W. G. Clark.   Thereafter the name of Mrs. Clark was erased by the attorney who drew the deed, and who then held it in enscrow, at the request of the plaintiff and his wife, and by authority of Clark, and inserted the name of Alice L. Harkness, the wife of the plaintiff, as grantee.   This deed, thus changed, was placed on record by said attorney, and thereafter sent to Mrs. Harkness by mail.   The defendants paid the money as agreed with Clark, and Mrs. Harkness received what was left thereof after paying certain interest on the mortgage debt and other charges as agreed, and the deed for the hotel was

delivered to defendants, and they went into the possession of the property. Plaintiff's claim is that he never authorized the exchange nor the delivery of his deed; that it was not to be delivered until he received a deed to the certain tract of land in South Dakota in exchange. If this was a controversy between the plaintiff and Clark, we would feel called upon to set out the evidence and scrutinize the conduct of Clark very closely, but, as between these two parties, we need not set out the evidence at length. We have no doubt but that the plaintiff expected to get the Dakota land, and, as between him and Clark, that may be his right; but this we are not called upon to determine. True, Clark's written authority was to sell, and this was not a sale, but an exchange; yet plaintiff not only referred Clark to the defendants as wanting to exchange, but ratified the exchange by receiving and retaining the boot money. We are inclined to think that both Clark and the plaintiff intended at the time of the exchange that Clark should keep the Belmond property, and give plaintiff the Dakota land; hence it was that the deed for the Belmond property was made to Mrs. Clark. That Clark has failed to do this affords no ground for complaint against the defendants. They have fully performed all they agreed with Clark to do,—an agreement which, if not authorized by the plaintiff, was surely ratified by him. We think plaintiff has failed to show that his deed to the hotel property was delivered without his authority. Another reason why plaintiff is not entitled to the relief demanded is that he did not, before the commencement of this action, tender back the money which he had received, nor offer to reconvey the Belmond property to the defendants. The decree is correct, and is therefore AFFIRMED.

SHERWIN, J., took no part.